Filed 1/31/14  Rahbar v. Batoon CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GELAREH RAHBAR,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JENNIFER BATOON,<br><br>        Defendant and Respondent. | A136463<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-11-515742) |

Plaintiff and appellant Gelareh Rahbar, DDS., appeals from an order by the trial court granting defendant and respondent Jennifer Batoon's special motion to strike the complaint pursuant to section 425.16 of the Code of Civil Procedure (anti-SLAPP motion).[1]  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

Rahbar is a dentist who provided a course of dental treatment to Batoon. Subsequently, Batoon wrote a negative review about the treatment provided by Rahbar on an Internet consumer Web site called "Yelp."  This appeal involves the third legal proceeding Rahbar has brought against Batoon arising from her negative Yelp review of Rahbar's dental services.

In September 2009, Rahbar sued Batoon for defamation and invasion of privacy based on the Yelp review, as well as breach of contract based on an alleged outstanding balance for dental services provided (complaint #1).  Batoon filed an anti-SLAPP motion.

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise noted.

1

The court granted the motion and denied reconsideration.  In July 2010, the court entered judgment in favor of Batoon in the amount $43,035 in attorney fees for prevailing on the anti-SLAPP motion, offset by $454 in settlement of the contract claim.  Rahbar did not appeal.  (*Rahbar v. Batoon* (Oct. 16, 2012, A132294) [nonpub. opn.].) [2]

Just one month later, on August 20, 2010, Rahbar filed another lawsuit against Batoon based on the Yelp review (complaint #2).  Batoon advised she would file an anti-SLAPP motion in this second lawsuit if Rahbar did not dismiss the suit.  No dismissal was filed and Batoon filed an anti-SLAPP motion.  With the anti-SLAPP motion pending, Rahbar filed a request for dismissal without prejudice, but did not oppose the anti-SLAPP motion.  Thereafter, the trial court denied the anti-SLAPP motion as moot; however, the court invited Batoon to move for attorney fees because Rahbar's complaint was a SLAPP suit.  Rahbar then sought reconsideration, and for the first time challenged the anti-SLAPP motion as foreclosed by dismissal of the complaint.  Rahbar also opposed Batoon's motion for attorney fees on the grounds Batoon had not been served with the complaint and her anti-SLAPP motion was, therefore, void.  After a hearing on the motions for reconsideration and attorney fees, the trial court denied Rahbar relief and entered judgment in favor of Batoon in the amount of $12,825.34.  On appeal, we affirmed the judgment and awarded costs to Batoon.  (*Rahbar v. Batoon, supra,* A132294.)

On November 8, 2011, Rahbar initiated the third in this trilogy of legal proceedings by filing the current verified complaint for equitable relief to vacate judgments obtained by extrinsic mistake and/or extrinsic fraud on behalf of herself and Rahbar Dentistry PC, a California Professional Corporation.  The complaint includes a "Factual History of the Dispute Between the Parties," detailing the nature of the dental services Rahbar provided to Batoon, the latter's failure to pay the outstanding balance on the treatment provided, Rahbar's referral of the outstanding balance to a debt collection

---

[2] On August 19, 2013, we granted Batoon's motion for judicial notice of the opinion in *Rahbar v. Batoon, supra,* A132294, which followed Rahbar's appeal from the second legal proceeding she brought against Batoon based on the Yelp review, see *post.*

2

agency, Batoon's review on Yelp, and alleging Batoon published the Yelp review knowing the statements made therein were false and said statements were made "maliciously and with the intent to vex and annoy Rahbar and to cause her damage in her business and her reputation."

The complaint also sets forth a "Factual History of the Litigation Resulting from the Yelp Review by Batoon" containing the following allegations:  The court granted Batoon's anti-SLAPP motion on complaint #1 on grounds that the defamation claim was filed 13 days after the statute of limitations had expired, without "explicitly stat[ing] on the record or in the ensuing order that it had conducted the two-prong analysis required by Code of Civil Procedure section 425.16."  Batoon filed an opposition to Rahbar's motion for reconsideration, including a declaration that during the relevant time period she had been out of state for a total of 11 days, six days of which were business-related travel.[3]  At the time Rahbar's prior counsel filed a motion for reconsideration of the court's anti-SLAPP ruling on complaint #1 in November 2009, he did not know, and Rahbar did not discover until much later, that Batoon had been out of state for 13 days or more prior to the filing of complaint #1, thereby tolling the statute of limitations for that period of time.  Complaint #2 was filed by Rahbar's prior counsel without her knowledge or consent.  Batoon filed an anti-SLAPP motion in response to complaint #2 without "having either been served with the complaint or having made any other appearance allowed by law."  In denying reconsideration on its ruling that complaint #2 was subject to the provisions of section 425.16 for purposes of awarding attorneys fees, the trial court impliedly "accepted Batoon's res judicata argument . . . since the court referred to complaint #2 as a repetitive SLAPP action."

Based on the these "factual" allegations and other assertions, the complaint states four causes of action and prays the court vacate the orders on the anti-SLAPP motions and motions for reconsideration entered with respect to complaints #1 and #2.  The first

---

[3] (See *Filet Menu, Inc. v. Cheng* (1999) 71 Cal.App.4th 1276, 1283, holding that "tolling statutory periods for the duration of out-of-state travel *unrelated to interstate commerce* does not violate the commerce clause," italics added.)

cause of action seeks to vacate the judgment as to complaint #1 for extrinsic mistake, in particular Rahbar's belated discovery Batoon had been out of state for a longer period than Batoon admitted in her declaration. The second cause of action seeks to vacate the judgment as to complaint #2 for extrinsic mistake, in particular that the court's denial of Rahbar's motion for reconsideration of the order granting leave to seek attorney's fees for the anti-SLAPP motion as to complaint #2 was based on the res judicata effect of prior orders issued as to complaint #1, including the ruling Rahbar had not presented sufficient evidence on tolling. The third cause of action seeks to vacate the judgment as to complaint #1 based on extrinsic fraud, to wit, Batoon intentionally and deliberately suppressed information she had been absent from California for 13 or more days for tolling purposes. The fourth cause of action seeks to vacate the judgment as to complaint #2 based on extrinsic fraud, to wit, Batoon's concealment of her absences from California for tolling purposes on complaint #1 undermines the court's application of res judicata to complaint #2.

Predictably, in response to the current complaint Batoon filed the anti-SLAPP motion that is now the subject of this appeal. In her motion, Batoon argued Rahbar's claims are subject to the anti-SLAPP law because the claims arise from statements made in, or in connection with, judicial proceedings, and, alternatively, because the claims arise from statements made in a public forum regarding issues of public interest. Also, Batoon argued Rahbar could not establish a probability of prevailing on the merits because complaint #1 was barred by the statute of limitations, Rahbar failed to "plead around" the statute of limitations defense, and her allegations of extrinsic mistake and fraud regarding Batoon's absences from the state for tolling purposes "misconstrued the actual facts." Furthermore, Batoon argued the grounds alleged to vacate the judgments are examples of *intrinsic,* not extrinsic, mistake and fraud.

The trial court held a hearing on the anti-SLAPP motion on May 16, 2012. On June 25, 2012, the trial court entered an order granting Batoon's anti-SLAPP motion, ruling she "has satisfied her burden of showing that Plaintiffs' claims arise from

4

protected activity, and Plaintiffs have failed to demonstrate a likelihood of success on the merits." This appeal followed.

DISCUSSION

"Under the [anti-SLAPP] statute, the court makes a two-step determination: First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. (§ 425.16, subd. (b)(1).) A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e) [citation]. If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim. [§ 425.16, subd. (b)(1).]" (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 478 (*Cabral*) [internal case cites and quotation marks omitted]; see also *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*) [under second prong " '[p]laintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." [Citations.]' [Citation.]"].)

"Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Cabral, supra,* 177 Cal.App.4th at p. 478 [internal case cites and quotation marks omitted].) We review de novo a trial court's ruling on a special motion to strike. (*Ibid.*)

In line with the two-step process described above, we first examine whether Batoon "has made a threshold showing that the challenged cause of action is one arising from protected activity . . . by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." (*Cabral, supra,* 177 Cal.App.4th at p. 478.) These categories of protected rights of petition and free speech include: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under

5

consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  (§ 425.16, subdivision (e).)

Rahbar contends Batoon has failed to make such a threshold showing because "the gravamen of the causes of action in the verified complaint have nothing directly to do with protected speech or petition."  This assertion is patently meritless.

" 'A cause of action "arising from" defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.'  (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 648 [49 Cal.Rptr.2d 620], disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 68, fn. 5.)  'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action.  (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 17–19 [43 Cal.Rptr.2d 350].)  This includes qualifying acts committed by attorneys in representing clients in litigation.  (See, e.g., *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1086 [114 Cal.Rptr.2d 825]; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1418–1420 [103 Cal.Rptr.2d 174].)"  (*Rusheen, supra,* 37 Cal.4th at p. 1056.)

However you cut it, the causes of action in the verified complaint at issue here "arise from" Batoon's litigation activity and associated communicative conduct in defending against Rahbar's prior two SLAPP suits, in particular Batoon's assertion of a statute of limitations defense to the defamation cause of action in complaint #1.  Rahbar pressed a "tolling" argument against application of the statute of limitations defense in her motion for reconsideration of the court's anti-SLAPP ruling on complaint #1, and Batoon successfully rebutted Rahbar's contentions by submitting a declaration detailing

any absences from the state relevant to the tolling issue.[4] Batoon's litigation activity in defending against Rahbar's SLAPP actions by raising the statute of limitations defense are central to all four causes of action in the complaint. The first and third causes of action to vacate the judgment as to complaint #1 based on extrinsic mistake and extrinsic fraud are based on Batoon's opposition to Rahbar's contention the applicable statute of limitations was tolled by Batoon's out-of-state travels. Similarly, the second and fourth causes of action to vacate the judgment as to complaint #2 based on extrinsic mistake and extrinsic fraud are based on the res judicata effect of the court's ruling in favor of Batoon on Rahbar's motion for reconsideration of the anti-SLAPP ruling on complaint #1.

In sum, we conclude the causes of action in the complaint at issue "arise from" protected litigation activity.[5] (See *Rusheen, supra,* 37 Cal.4th at p. 1056.) Therefore, we must address the second prong of the anti-SLAPP analysis to determine "whether [plaintiff] has established a reasonable probability that [s]he would prevail on [her] claims." (*Cabral, supra,* 177 Cal.App.4th at p. 478.)

Here, plaintiff cannot show a reasonable probability of prevailing on her claims. In this regard, the first and third causes of action attack the judgment entered on complaint #1 on grounds of extrinsic mistake and extrinsic fraud, respectively.

" 'Extrinsic mistake is found when . . . a mistake led a court to do what it never intended . . . .' [Citations.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*) [citing example of "referees' use of wrong map" as an extrinsic mistake

---

[4] No record of the proceedings on complaint #1 was ever presented to this court because Rahbar did not appeal the judgment on complaint #1.

[5] We reject Rahbar's assertion that the anti-SLAPP statute does not apply to the extrinsic mistake causes of action because they "have absolutely nothing to do with respondent" and arise from Rahbar's own inability to "access certain information on the internet that affected the statute of limitations defense." (See *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1551–1552 ["pleading of other . . . 'unprotected' theories of liability does not eliminate or reduce the chilling effect on the exercise of free speech and petition[ as the defendant still faces] the burden of litigation and potential liability for acts deemed protected by the SLAPP statute"].)

"because ' "it is not a mistake of the law, or an inadvertent conclusion as to what the law is, but a mistake or inadvertence in doing something not intended to be done." ' "].) Rahbar asserts her excusable failure to obtain the information concerning Batoon's actual absences from California amounts to extrinsic mistake. We disagree. There was nothing inadvertent about the trial court's denial of Rahbar's motion for reconsideration of the anti-SLAPP ruling on complaint #1; rather, the court issued a legal ruling based on full consideration of the evidence presented by the parties, thus, Rahbar's self-confessed failure to obtain further information does not constitute extrinsic mistake under *Rappleyea, supra,* 8 Cal.4th 975.

Similarly, Rahbar cannot show a likelihood of prevailing on her third cause of action asserting extrinsic fraud as grounds to vacate the judgment entered on complaint #1. Even if Batoon intentionally and deliberately suppressed information she had been absent from California for 13 or more days for tolling purposes, as alleged by Rahbar, such action amounts to intrinsic fraud, not extrinsic fraud, and, consequently, offers no basis to vacate a final judgment. (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10–11 [noting intrinsic fraud consists of fraud during the course of the proceedings, such as false, concealed, or suppressed evidence].)

Finally, in her second and fourth causes of action, Rahbar seeks to vacate the judgment entered on complaint #2 on grounds of extrinsic mistake and extrinsic fraud, specifically, (1) Rahbar did not file an opposition to the anti-SLAPP motion on complaint #2 due to her "mistaken but reasonable belief" that the anti-SLAPP motion would be dismissed because she had dismissed the complaint before a hearing was held on the anti-SLAPP motion; and (2) Batoon's misrepresentations about her absences from the state in complaint #1 mean the trial court's conclusion, that its statute of limitations ruling in complaint #1 was res judicata to complaint #2, was the product of extrinsic fraud.

However, Rahbar cannot show a likelihood of prevailing on these claims because they merely re-state issues that we considered and rejected in *Rahbar v. Batoon, supra,* A132294. In particular, we concluded that when a trial court is "faced with a motion to strike and a subsequently dismissed complaint" it should "do exactly what the trial court

8

did below—deny the motion to strike as moot, but retain jurisdiction to decide the merits for the purposes of determining whether fees should be awarded." (*Rahbar v. Batoon, supra,* A132294.) Further, we held that the trial court correctly concluded the doctrine of res judicata barred complaint # 2, noting that because the judgment as to complaint # 1 was final, Rahbar was precluded "from bringing future cases based on this same scenario of events." (*Rahbar v. Batoon, supra,* A132294.)

In sum, upon de novo review, we shall affirm the trial court's anti-SLAPP ruling because Rahbar's claims arise from Batoon's protected litigation activities and Rahbar has failed to establish a reasonable probability that she would prevail on her claims.

## DISPOSITION

The trial court's order granting defendant's special motion to strike is affirmed. Defendant is awarded her costs on appeal.


_____

Dondero, J.


We concur:


_____

Margulies, Acting P.J.

_____

Banke, J.